# Exhibit A

Case 1:06-cv-01374-ESH    Document 1-2    Filed 08/03/2006    Page 1 of 13

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KAREN ANNE LENTZ and ]
GERALD A. LENTZ, Jr. ]
417 Mere point Road ]
Brunswick, ME 04011 ]
                                              ]
                                              ]            0005620-06
         Plaintiff,                           ]
    v.                                        ]   Civil Action No.
                                              ]
ELI LILLY AND COMPANY                         ]
Lilly Corporate Center                        ]
Indianapolis, IN 46285                        ]
w/s/o NATIONAL REGISTERED AGENTS, INC.        ]
1090 Vermont Avenue, NW, #910                 ]
Washington, DC 20005                          ]
                                              ]
         Defendant.                           ]

RECEIVED
Civil Clerk's Office
JUL 24 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
(DES Litigation – Products Liability, Punitive Damages)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES").  Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
(Negligence)

3.      On or about 1965 and 1966, during her pregnancy with Plaintiff Karen Anne Lentz, the mother of the Plaintiff herein bought and ingested DES in Maine.  Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4.  As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting miscarriage, ectopic pregnancies, infertility and high risk pregnancy, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

5.  Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.  All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.  DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.  Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9.  Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. All of the allegations contained in Counts I, II, III and IV are realleged and incorporated herein by reference.

25.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Loss of Consortium – Gerald A. Lentz, Jr. v. Eli Lilly)

26.    All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

27.    Plaintiff, Gerald A. Lentz, Jr. is the husband of Karen Anne Lentz. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Gerald A. Lentz has been deprived of the love, services and affection of his wife, Karen Anne Lentz.

**WHEREFORE**, Plaintiff Karen Anne Lentz demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE**, Plaintiff Gerald A. Lentz, Jr., individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs..

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

6

LAW OFFICES
AARON M. LEVINE
SUNDERLAND PLACE
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036



7003 2260 0000 9625 6282

CERTIFIED MAIL

Eli Lilly & Co.
w/s/o National registered Agents, Inc.
1090 Vermont Avenue, NW #910
Washington, DC 20005

FedEx Label

From: (800)767-1553
National Registered Agents, Inc
1090 Vermont Avenue, N.W.
Suite 910
Washington, DC 20005

To: MICHAEL J. HARRINGTON (317)433-7016
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 462850000

Ref: DC10807
TRK# 7905 0510 9312   FORM
0201

46285-IN-US

** 2DAY **

SE GSHA
IND

MON
A1
Deliver by:
31JUL06

FedEx Revenue Barcode
CAD #1124160
SHIP DATE: 27JUL06
WEIGHT: 1 LBS

Name: HARRINGTON MICHAEL J
Location: ELI LILLY
Route/Mailstop:
Department: 74 09 1093
Telephone: 3174337016

09:46:04 07/28/06
09



Want more information?
Go to fedex.com, or call 1.800.GoFedEx 1.800.463.3339 for U.S. domestic shipments, 1.800.247.4747
for international shipments. Call your local FedEx office if you are outside the U.S.

© 2005 FedEx 155476/155475 REV 9/05 RT

100% Recycled Paperboard® MINIMUM 35% POST CONSUMER CONTENT

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

KAREN ANNE LENTZ et.aL

*Plaintiff*

VS.

ELI LILLY AND COMPANY

*Defendant*

Civil Action No. 0005620-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date 07-24-74

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MICHAEL J. HARRINGTON
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

M. J. HARRINGTON

JUL 2 8 2006

SOP Transmittal # DC10808

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ELI LILLY AND COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of DISTRICT OF COLU on this 27 day of July, 2006. The following is a summary of the document(s) received:

1. **Title of Action:** Karen Anne Lentz vs. Eli Lilly & Company

2. **Document(s) served:**

   - [x] Summons
   - [x] Complaint
   - [ ] Petition
   - [ ] Garnishment
   - [ ] Subpoena
   - [ ] Third Party Complaint
   - [ ] Demand for Jury Trial
   - [ ] Default Judgement
   - [ ] Injunction
   - [ ] Notice of
   - [ ] Mechanics Lien
   - [ ] Other:

3. **Court of Jurisdiction/** Superior Court of District of Columbia
   **Case & Docket Number:** 0005620-06

4. **Amount Claimed, if any:** $6000000

5. **Method of Service** (select one):
   - [ ] Personally served by:
   - [x] Delivered Via:
   - [ ] Other (Explain):
   - [ ] Process Server
   - [x] Certified Mail (Envelope enclosed)
   - [ ] Deputy Sheriff
   - [ ] Regular Mail (Envelope enclosed)
   - [ ] U. S Marshall
   - [ ] Facsimile

6. **Date and Time of Service:** 7/27/2006 10:03:58 AM EST (GMT -5)

7. **Appearance/Answer Date:** 20 Days

8. **Plaintiff's Attorney:** Aaron M. Levine
   (Name, Address & Telephone Number)
   1320 19th street, NW suite 500
   Washington DC 20036
   202-833-8040

9. **Federal Express Airbill #** 790505109312

10. **Call Made to:** Not required

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**

Transmitted by: John Christel

Copies To: FAX: 3172766221
MICHAEL J. HARRINGTON
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAREN ANNE LENTZ
   Vs.
ELI LILLY AND COMPANY

C.A. No.     2006 CA 005620 B

## **INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                            Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date: July 24, 2006
Initial Conference: 9:00 am, Friday, October 27, 2006
Location: Courtroom 320
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc