THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **KAREN ANNE LENTZ** and | \* |
| **GERALD A. LENTZ, Jr.** | \* |
| | \* |
| Plaintiffs, | \* |
| | \* **CIVIL ACTION 06-1374 (ESH)** |
| vs. | \* |
| | \* |
| **ELI LILLY AND COMPANY,** | \* |
| | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ELI LILLY AND COMPANY'S**
**MOTION TO TRANSFER TO THE DISTRICT OF MAINE**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Maine.

This case should be transferred because the District of Maine is a more convenient forum than the District of Columbia, the action could have been brought in the District of Maine, and transfer out of a district with absolutely no connection to the plaintiffs' cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

Transfer to the United States District Court for the District of Maine is appropriate because it is a more convenient forum for the parties and witnesses:

- Plaintiffs reside in Brunswick, Maine;

- Plaintiff's mother, a witness with substantial knowledge of facts at issue in this matter, resides in Harpswell, Maine;

135396v1

- The events allegedly giving rise to plaintiff's cause of action – the prescription, purchase and ingestion of DES, as well as alleged exposure to DES – occurred in Maine;

- Plaintiff Karen Lentz's doctors – who purportedly diagnosed and treated her alleged injuries – are in Brunswick, Maine, Portland, Maine and Scarborough, Maine;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Therefore, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Maine.

## L.Cv.R. 7(m) CERTIFICATION

Counsel for Lilly has conferred with plaintiffs' counsel, as required by L.Cv.R. 7(m), and plaintiffs do not consent to the relief sought in this Motion.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to the District of Maine.

Respectfully submitted,

 /s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

135396v1

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 16th day of November, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

  /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

135396v1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**KAREN ANNE LENTZ and**     \*
**GERALD A. LENTZ, Jr.**     \*
    \*
    **Plaintiffs,**     \*
    \*  **CIVIL ACTION 06-1374 (ESH)**
    vs.     \*
    \*
**ELI LILLY AND COMPANY,**     \*
    \*
    **Defendant**.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
<u>MOTION TO TRANSFER TO THE DISTRICT OF MAINE</u>**

This product liability action, in which Maine residents allege injuries as a result of plaintiff Karen Ann Lentz's alleged exposure to a synthetic estrogen, diethylstilbestrol ("DES"), during her mother's 1965-66 pregnancy with her in Maine, has no connection to the District of Columbia and should be transferred to the United States District Court for the District of Maine. Specifically, under 28 U.S.C. § 1404(a), this Court may transfer this action to the District of Maine "[f]or the convenience of parties and witnesses, in the interest of justice." The relevant factors in this case demonstrate that the United States District Court for the District of Maine is a more convenient forum for the parties and witnesses and that the interest of justice would be served by transfer:

- Plaintiffs reside in Brunswick, Maine;

- Plaintiff's mother, a witness with substantial knowledge of facts at issue in this matter, resides in Harpswell, Maine;

- The events allegedly giving rise to plaintiff's cause of action – the prescription, purchase and ingestion of DES, as well as alleged exposure to DES – occurred in Maine;

- Plaintiff Karen Lentz's doctors – who purportedly diagnosed and treated her alleged injuries – are in Brunswick, Maine, Portland, Maine and Scarborough, Maine;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Accordingly, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Maine.

## I. THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MAINE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the transferor district and the cause of action; and where the interests of justice would be served by transfer. *See* 28 U.S.C. § 1404(a).

In *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and

2

the transferee forum, the District of New Jersey. The Court noted: "While it is significant that New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." (*See* **Attachment A** to Affidavit of John C. Coots in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 1**.) *See also Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate). (**Attachment B** to Exhibit 1.)

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, in *Thompson*, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was exposed to DES, but were spread throughout the country. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. "Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses." (*See* Attachment B to Exhibit 1, p. 4.). Furthermore, this Court has recently transferred a case similar to this one to the District of Massachusetts. (*See Corbett v. Eli Lilly and Company*, Civil Action No. 05-cv-01584 (D.D.C. June 6, 2006) (Robertson, J.) (**Attachment C** to Exhibit 1)).

As set forth below, this case has no connection to the District of Columbia, but a strong connection to the District of Maine. It would be more convenient for the parties to litigate

3

this action in Maine where crucial fact witnesses reside and because there is absolutely no connection between the District of Columbia and the plaintiffs' claims.

### A. This Action "Might Have Been Brought" Originally In The United States District Court For The District Of Maine

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiffs could have brought this action originally in the District of Maine. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, plaintiff Karen Ann Lentz's mother allegedly purchased and ingested DES in Maine where she resided throughout her pregnancy with plaintiff. (*See* Plaintiff Karen Lentz's Answers to Eli Lilly and Company's First Set of Interrogatories, Nos. 11, 17 and 20, attached as **Exhibit 2**; Complaint, pp. 1-2, ¶¶ 3, 4). Plaintiff was allegedly exposed to and injured by DES *in utero* in Maine. (*Id.*). Moreover, plaintiffs still reside in Maine. (*See* Exhibit 2, Nos. 2 and 3; Plaintiff Gerald Lentz's Answers to Eli Lilly and Company's First Set of Interrogatories, Nos. 1 and 2, attached as **Exhibit 3**; Complaint, p. 1, caption).[1] Likewise, plaintiff's treating physicians, who allegedly diagnosed and treated her alleged injuries, are in Brunswick, Maine, Portland, Maine and Scarborough, Maine. (*See* Exhibit 2, Nos. 10 and 14). Additionally, plaintiff's mother still resides in Maine and plaintiff's mother's prescribing physicians are in Maine. (*See* Exhibit 2, Nos. 11, 17 and 20). Clearly, a substantial part of the events related to plaintiffs' claims occurred in Maine and venue is appropriate there.

---

[1] Plaintiffs' complaint lists their address as 417 Mere Point Road, Brunswick, Maine 04011.

4

2098014v2

Additionally, the District of Maine has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Plaintiffs reside in and are domiciled in Maine; Lilly is incorporated and has its principal place of business in Indiana. Further, to the extent permitted by the United States Constitution, Maine's long-arm statute reaches torts the alleged consequences of which occur within the state of Maine. *See* 14 M.R.S. § 704-A (2005). Thus, the District of Maine is at least as appropriate a forum as the District of Columbia with respect to venue and subject matter and personal jurisdiction.

### B. The District Of Maine Is Far More Convenient For The Witnesses Likely To Be Called To Testify At Trial

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *see also Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere). As confirmed by plaintiffs' Complaint and plaintiff's Answers to Lilly's Interrogatories, the potential witnesses and sources of proof concerning the injuries alleged in this case are located in the District of Maine.

There are three major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining medical records. The first issue is the question of exposure, i.e., whether the plaintiff's mother actually ingested diethylstilbestrol during her pregnancy with the plaintiff. Principal witnesses on this point are plaintiff's mother, Helene Bisson, and Mrs. Bisson's prescribing physicians, Drs. Ronald Beetle

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

and Alice Cunningham, who all reside in, or are subject to the subpoena power of, the District of Maine. (*See* Exhibit 2, Nos. 11, 17 and 20). Additionally, medical records for plaintiff's mother's pregnancy with her, located in the District of Maine to the extent they exist, are also relevant to this issue. Plaintiff's mother and her prescribing physicians cannot be compelled to testify at trial in the District Court for the District of Columbia, while they can be so compelled in the District of Maine.

A second issue is who manufactured the DES that plaintiff's mother allegedly ingested. The principal witnesses on this point are pharmacists and pharmacy employees who worked at the pharmacy where plaintiff's mother allegedly filled her prescription. Plaintiff's mother filled her prescription at a pharmacy in the District of Maine. (*See* Exhibit 2, No. 20). Any Maine pharmacy witnesses who may be identified cannot be compelled to testify at trial in the District of Columbia, but can be so compelled in the District of Maine.

A third issue concerns the nature and extent of plaintiffs' alleged injuries and the causes of her alleged injuries. Here, plaintiffs' case depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiff Karen Lentz, all of whom are in Maine and can be subpoenaed to the District of Maine. (*See* Exhibit 2, Nos. 7, 10 and 14). None of the physicians whom plaintiff identifies as having treated her alleged injuries are located in the District of Columbia. *See id.* Lilly intends to depose plaintiff's physicians and believes it will be necessary to call them to testify at trial. For purposes of compelling these witnesses to testify at trial, these witnesses are subject to the subpoena power of the United States District Court for the District of Maine, but none are subject to the subpoena power of this Court in the District of Columbia.

In sum, Lilly is not aware of a single fact witness who resides in or is subject to the subpoena power of the District of Columbia. Thus, when considering the convenience of the witnesses as a whole, the District of Maine is by far the most convenient forum for this litigation.

C. **Plaintiff's Choice Of Forum Is Entitled To Little Deference Because There Is No Nexus Between The District Of Columbia And The Cause Of Action**

Plaintiffs have chosen to sue in a forum with no factual nexus with their claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis….In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). In *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume" that because she chose the District of Columbia in which to file suit, that her choice of venue will not be disturbed. "[P]laintiff's choice of forum is not accorded substantial deference where 'the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or the subject matter.'" *Id.* *See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum...is mitigated...[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state.). *Id.* (citations and internal quotations omitted). That a plaintiff's choice of forum is not

7

entitled to substantial deference where the plaintiff does not reside in the forum has been recognized by this Court in granting Lilly's motions to transfer other DES cases. *See Thompson,* Attachment A to Exhibit 1, p. 2 (refusing to give deference to Plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson*, Attachment B to Exhibit 1, pp. 2-3 (same).[3]

Plaintiffs do not reside in the District of Columbia and none of the events concerning plaintiffs' claimed injuries as a result of Karen Lentz's alleged *in utero* exposure to diethylstilbestrol are alleged to have occurred in the District of Columbia. Therefore, plaintiffs' chosen forum is not entitled to deference.

### D. Transferring This Action To The United States District Court For The District Of Maine Is In The Interests Of Justice

Lastly, the interests of justice dictate that this action be transferred to the District of Maine. The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

---

[3] To the extent that plaintiff claims a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.,* No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, in *Thompson* and *Abramson*, this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at p. 4 n.6. In both cases, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3.

8

These factors point toward the District of Maine and away from the District of Columbia. First, the state of Maine has a strong interest in seeing that the product liability claims of Maine citizens are tried fairly and effectively. The next factor, the applicable law, favors Maine because Maine state tort law is likely to be applied. Specifically, under the District of Columbia governmental interests choice of law analysis, a court must consider four factors to determine which state's substantive law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). These factors weigh heavily in favor of Maine law; indeed, not a single factor favors application of District of Columbia law. *See Thompson*, Attachment A to Exhibit 1, at p. 5 n.5 (court found, under similar facts, that the District of Columbia choice of law analysis "would seemingly compel this court to apply Massachusetts law").

Additionally, it is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum. As Judge Walton noted in *Thompson*, the District of Columbia's court calendar is "quite congested" and there is no reason that the District of Maine cannot adequately resolve this case. *See* Attachment A to Exhibit 1, p. 4 n.4. Similarly, in *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case."[4] Attachment B to Exhibit 1, pp. 4-5.

---

[4] As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the District of Columbia that, for the convenience of the parties and in the interest of justice, should be transferred.

9

## CONCLUSION

This case has a substantial connection to the District of Maine and no connection to the District of Columbia. The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Maine. Accordingly, Lilly respectfully requests the Court to transfer this action to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1404(a).

Dated: November 16, 2006

                         Respectfully submitted,

                         /s/ John Chadwick Coots
                         Michelle R. Mangrum, D.C. Bar No. 473634
                         John Chadwick Coots, D.C. Bar No. 461979
                         Emily J. Laird, D.C. Bar No. 485890
                         SHOOK, HARDY & BACON, L.L.P
                         600 14TH Street, NW Suite 800
                         Washington, D.C. 20005-2004
                         Phone: (202) 783 -8400
                         Fax: (202) 783-4211

                         and

                         David W. Brooks
                         Mark C. Hegarty
                         SHOOK, HARDY & BACON, L.L.P.
                         2555 Grand Blvd.
                         Kansas City, MO 64108
                         Phone: (816) 474-6550
                         Fax: (816) 421-5547

                         **ATTORNEYS FOR DEFENDANT**
                         **ELI LILLY AND COMPANY**

---

*See also Thompson*, Attachment A to Exhibit 1, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer).

2098014v2

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 16th day of November, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

              /s/ John Chadwick Coots
              **ATTORNEY FOR DEFENDANT**
              **ELI LILLY AND COMPANY**