**Appendix 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY McCLAMROCK, )<br>        Plaintiff, ) | Case No. 1:02CV02383 |
|                 v. ) | |
| ELI LILLY AND COMPANY )<br>        Defendant. ) | |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. §1404(a) TO TRANSFER TO THE MIDDLE DISTRICT OF NORTH CAROLINA**

I.        **INTRODUCTION**

Plaintiff, a citizen of Concord, North Carolina, has filed this civil action against Eli Lilly and Company ("Lilly") in the United States District Court for the District of Columbia, seeking to recover monetary damages for alleged personal injuries he claims were caused by Zyprexa®, a prescription anti-psychotic medication manufactured by Lilly. Lilly moves pursuant to 28 U.S.C. § 1404(a) to transfer this action from the District of Columbia to the United States District Court for the Middle District of North Carolina, Salisbury Division.

Neither the events giving rise to this action, nor any of the witnesses or evidence necessary to resolve it, relate to Washington, D.C. Plaintiff was prescribed, purchased and ingested Zyprexa® in North Carolina, was injured in his home state, and received all medical treatment for his alleged injuries there. The Lilly personnel most knowledgeable about, and most of the Lilly documents relevant to, the research, design, development, labeling, manufacturing and marketing of Zyprexa® pertinent to plaintiff's allegations are located at its principal place of

Ingram, 2003 WL 256729, at *2-3; see also Airport Working Group of Orange County, Inc. v. U.S Dept. of Defense, 226 F. Supp.2d 227, 229 (D.D.C. 2002) (quoting Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29-30, 108 S. Ct. 2239, 101 L.Ed. 2d 22 (1988)) (once it is shown that venue in the proposed transferee forum is proper, section 1404(a) "'place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness . . . [and] calls on the [] court to weigh in the balance a number of case-specific factors' relating to both the private interests of the parties and the interests of the public").

A.  **The Private Interests: The Convenience of the Parties and Witnesses Weighs Heavily In Favor of Transfer to the Middle District of North Carolina**

In Ingram, this Court found that the private interests factors weighed against transfer for reasons not present here. Id., 2003 WL 256729, at *3. Ingram involved the drug DES as to which there had been a considerable history of litigation and settlements in the District of Columbia, as well as a statute of limitations dispute. Id., 2003 WL 256729, at *3, 5 n.2. In the present action, there is no history of Zyprexa® litigation in the District of Columbia nor is there any issue as to the statute of limitations. In Ingram, moreover, there was no allegation, as here, that any witness would be unavailable for trial in the District of Columbia.[3] Id., 2003 WL 256729, at *3.

In the Middle District of North Carolina, plaintiff will be permitted to bring suit in his own backyard while bringing each of the parties and the tranferee court itself closer to the

---

[3] As the parties have not exchanged initial disclosures or initial requests for written discovery or documents, Lilly has not yet identified the universe of potential non-party of witnesses with knowledge of the events giving rise to plaintiff's claims, or determined which of those potential witnesses are most relevant to plaintiff's claims and Lilly's defenses. While it is known that most, if not all, of the potential non-party witnesses reside in North Carolina, it is not possible to know at this time whether these witnesses will be available or appear voluntarily for trial in the District of Columbia.