THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **KAREN ANNE LENTZ** and  **GERALD A. LENTZ, Jr.** | *  *  * |
| Plaintiffs, | *  *    CIVIL ACTION 06-1374 (ESH) |
| vs. | *  * |
| **ELI LILLY AND COMPANY,** | *  * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MAINE

Plaintiffs' Opposition to Defendant Eli Lilly and Company's Motion to Transfer ("Plaintiffs' Opposition") does not dispute that this case has substantial connections to the District of Maine and no relevant connection to the District of Columbia. Specifically, the alleged events giving rise to plaintiffs' claims, including the alleged prescription, purchase and ingestion of DES and the diagnosis and treatment of plaintiff Karen Lentz's alleged injuries, occurred in the District of Maine. Additionally, all of the non-expert witnesses in this case, including plaintiffs, plaintiff Karen Lentz's mother, and plaintiff Karen Lentz's treating physicians, all reside in the District of Maine. Plaintiffs' arguments regarding factors such as travel convenience for plaintiffs' experts, Lilly's previous litigation of an insurance claim in the District of Columbia and Lilly's governmental contacts here have no significant bearing on transfer under 28 U.S.C. § 1404(a), and have been rejected by this Court. As set forth in Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer and below, an analysis of <u>relevant</u> factors and controlling authority supports transfer of this case to the United States District Court for the District of Maine.

135917v1

Lilly responds to plaintiffs' numbered paragraphs as follows:

1. The fact that Lilly's principal place of business is in Indianapolis does not make the District of Columbia -- which has no connection to this case -- a more convenient forum than the District of Maine, which has substantial connections to this case. Additionally, plaintiffs' suggestion that Lilly's interaction with the FDA provides a connection to the District of Columbia has been flatly rejected by courts in the District of Columbia. *See In re AT&T Access Charge Litig.,* No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993).

Indeed, this Court has specifically rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), Attachment A to Exhibit 1 to Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer to the District of Maine, at p. 5; *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates J.), Attachment B to Exhibit 1 to Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer to the District of Maine, at p. 4 n.6.

2. This Court has held that a plaintiff's choice of forum is <u>not</u> entitled to deference when the plaintiff does not reside in the forum.[1] Plaintiffs' reliance on *Iragorri v.*

---

[1] *See Thompson,* p. 2 (refusing to give deference to plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson,* p. 2 (same). *See also Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 55557, at *2 (D.D.C. Jan 10, 1989) ("While plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiff's

*United Technologies Corp.*, 274 F.3d 65 (2d Cir. 2001), is misplaced. In *Iragorri*, plaintiffs were apparently unable to obtain jurisdiction over the three defendants in Florida (plaintiffs' long time domicile), but were able to obtain jurisdiction over all three in Connecticut. *Id*. at 75. Moreover, Connecticut was the principal place of business for two of the three defendants and documentary evidence relevant to plaintiffs' defective design theory was located at the defendants' installations located in Connecticut. *Id*. at 70, 75. The present case, on the other hand, involves no ties whatsoever to the District of Columbia.

Further, Lilly has met its burden by showing that the District of Maine is more convenient than the District of Columbia. Plaintiffs, plaintiff's mother, plaintiff's physicians, plaintiff's mother's pharmacists and pharmacy employees all reside in Maine, not the District of Columbia. The events allegedly giving rise to plaintiffs' cause of action – the prescription, purchase and ingestion of DES, as well as alleged exposure to DES – occurred in Maine, not the District of Columbia. In fact, Lilly is unaware of any non-party fact witness who resides in the District of Columbia. Therefore, Lilly has clearly satisfied its burden.

3. Plaintiffs' admitted purpose of filing in the District of Columbia to take advantage of the District of Columbia's statute of limitations is a non-factor in determining whether to transfer this case under 28 U.S.C. §1404(a). Under *Ferens v. John Deere Co.,* 494 U.S. 516 (1990), a transferee court -- here the District of Maine -- will be obliged to apply the same choice of law analysis that this transferring Court would apply. Accordingly, to the extent the District of Columbia's statute of limitations would apply to plaintiffs' claims in this Court, it will also apply in the District of Maine.

---

choice of forum may be accorded less weight in a section 1404 analysis . . . in fact, the presumption may switch to the defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere.").

3

135917v1

4. In both *Abramson* and *Thompson*, this Court rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer to the District of Maine, Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3. As Judge Bates noted in *Abramson*, Lilly's choice of forum in its litigation against insurers regarding coverage for DES claims was based in part on the need to accommodate travelers from around the globe. *Abramson*, at p. 3 n.4. This is not an issue for plaintiffs in the present case because they reside in the District of Maine, as do all of the other non-expert witnesses in this case, including the physicians who have diagnosed and treated plaintiff's alleged conditions. Further, the fact that the District of Columbia was a convenient forum for that litigation does not determine that the District is appropriate for this case, which alleges a specific personal injury claim premised on a particular sale of a product and the alleged inadequacy of Lilly's warnings at that moment in time.

5. Plaintiffs' counsel cannot guarantee the cooperation of non-parties over whom plaintiffs' counsel has no control. All of the non-party witnesses in this case reside beyond the subpoena power of this Court. In contrast, all are within the subpoena power of the District Court for the District of Maine. Further, there may be independent fact witnesses currently unknown to counsel who reside in the state of Maine who are unwilling to voluntarily appear for deposition, for trial or to produce documents and will require a subpoena.

It is inequitable to require Lilly to defend itself against plaintiffs' claims and proceed toward trial in a district where none of the non-party fact witnesses are subject to that court's subpoena power and therefore cannot be compelled to testify. Further, the fact-finder ultimately charged with determining the merits of this case would not have the benefit of

assessing each witness's credibility, due to the fact that these non-party witnesses could potentially all be absent from subsequent proceedings in this District. *See Pryocap Int'l Corp., v. Ford Motor Co.*, 2003 WL 1623898 at *6 (D.D.C. Mar. 31, 2003, Civ. A. No. 02-CV-346) (*quoting Classen v. Brown*, 1996 WL 79490 at *6 (D.D.C. Feb. 16, 1996, Civ. A. No. 94-CV-1018) ("Live testimony is always markedly preferable to written depositions, particularly where the resolution of critical factual issues will likely turn on the credibility of the witnesses."); *See also DeLoach v. Phillip Morris Cos., Inc.*, 132 F.Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted) (stating that a Court's ability to compel the appearance of unwilling non-party witnesses is an "important factor" to be examined by a district court in weighing the arguments for and against transfer).

Plaintiffs cite to *Kroger v. Legalbill.com,* 2005 U.S. Dist. Lexis 42885 (D.D.C. 2005), as support for their argument that this case should stay in this Court. This case is easily distinguishable, however, from the case at hand. In *Kroger*, many of the witnesses, who resided in Europe, would have found it very difficult to get to the potential transferee court. Here, however, the non-expert witnesses reside in the transferee district. Therefore, these witnesses will experience less travel difficulties upon transfer of this case than they would if this case were to remain in this Court.

This Court has previously held that the convenience of expert witnesses is not a significant factor in this Court's decision whether to transfer this case under 28 U.S.C. 1404(a). *See Froessl v. Expervision,* 1994 WL 149855, at *4 (D.D.C. Apr 14, 1994) (" . . . although the convenience of experts is not irrelevant [in considering a § 1404(a) motion], the Defendant properly points out that their convenience is entitled to little consideration in this context.") (citation omitted).

5

135917v1

Further, plaintiffs' speculation that this case will not proceed to trial is irrelevant under § 1404(a). Just because previous cases have been resolved before trial does not signify that this case will follow the same course.

6.  As noted in Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer -- and undisputed by plaintiffs -- the substantive law of the state of Maine will apply to plaintiffs' claims under the choice of law analysis that both this Court <u>and</u> the transferee court must apply.[2] Accordingly, to the extent the District of Columbia statute of limitations is procedural and applies to plaintiffs' claims, such application is not a ground for denying Lilly's Motion to Transfer to the District of Maine, given that this case will otherwise involve application of Maine state law.

Plaintiffs' claim that Maine's products liability law is "nearly identical" to that of the District of Columbia is simply incorrect. For example, the District of Columbia does not recognize comparative negligence, while Maine does. *Compare D.C. v. C.F. & B., Inc*, 442 F. Supp. 251, 257 (D.D.C. 1977) ("the District of Columbia does not recognize the comparative negligence doctrine") *with* ME. REV. STAT. ANN. tit. 14, § 156 (2005) ("When any person suffers…as a result partly of that person's own fault…the damages recoverable…must be reduced…"). Further, in light of the substantial connections between the operative facts of this case, the plaintiff, the witnesses and the State of Maine, the interests of justice "[a]re best served by having [the] case decided by the federal court in the state whose law governs the interests at stake." *Thompson*, Attachment A to Exhibit 1 to Memorandum of Points and Authorities in

---

[2] Under the District of Columbia governmental interests choice of law analysis, a court must consider four factors to determine which state's substantive law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). These factors weigh heavily in favor of Maine law; indeed, not a single factor favors application of District of Columbia law.

135917v1

Support of its Motion to Transfer to the District of Maine, p.5 (*quoting Trout Unlimited v. United States Dep't of Agriculture*, 944 F.Supp. 13, 19 (D.D.C. 1996). This is particularly true in light of the complete lack of connection between this case and the District of Columbia.

  Further, this Court has rejected plaintiffs' argument regarding Magistrate Kay and held that Magistrate Kay's experience mediating DES cases is an insufficient ground to maintain a case in the District of Columbia that should otherwise be transferred in response to a properly filed motion to transfer. *See* Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer to the District of Maine, p. 9 and citations contained therein. Additionally, just because past litigation has taken place in this Court does not mean that this case belongs here. Even though plaintiffs argue that the "witnesses and documents germane to the present case" are in the District of Columbia, all of the non-expert witnesses are outside of this Court's subpoena power, as discussed above. Additionally, as illustrated above as well, plaintiffs' suggestion that Lilly's interaction with the federal government provides a connection to the District of Columbia has been rejected by this Court.

  7. Plaintiffs' generalized reference to a list of orders, without any legal analysis, does not support denial of transfer in this case. Most of the cited cases are either silent regarding the factors considered by the court in denying transfer or inapposite to the case at bar. For example, *Wieprecht v. Eli Lilly and Company*, No. 01CV0889 (Robertson, J.), *Coy v. Eli Lilly*, No. 01CV1072 (Penn, J.), *Bailer v. Eli Lilly and Company*, No. 02CV1654 (Urbina, J.), and *Miller v. Eli Lilly and Company*, No. 03CV0896 (Kennedy, J.) were all decided without any indication of the reasoning for the decisions set forth in the orders. In *Ingram v. Eli Lilly and Company*, No. Civ.A. 02-2023 (Walton, J.), the court noted that none of the vital witnesses remained in the proposed transferee jurisdiction, so there was no concern regarding a lack of

7

substantial connection to a particular jurisdiction. In *Scaramuzzi v. Eli Lilly and Company*, No. 01CV1095 (Sullivan, J.), the court denied the motion based in part upon the fact that the parties had already engaged in substantial discovery. In *Sumrall v. Eli Lilly and Company*, No. 02CV 0670 (Kollar-Kotelly, J.), the court directed the parties to file a stipulation wherein plaintiff agreed to produce her mother for deposition and trial at plaintiff's expense. Finally, in *Blank v. Eli Lilly and Company*, No. 02CV1976 (Roberts, J.), the court noted that there was only one witness residing in the proposed transferee jurisdiction and the witness expressly agreed to appear without a subpoena. *Id.* at 5. Further, the court noted that there had been no determination as to which state's law to apply, that there had been no evidence of the relative congestion of the courts at issue and that neither the District of Columbia nor Massachusetts had a strong local interest in the controversy. *Id.* at 6.

    8.  As noted in paragraph 5, in both *Abramson* and *Thompson,* this Court rejected plaintiffs' argument regarding Lilly's litigation of an insurance case in the District of Columbia. Flight schedules and convenience of travel are not an issue for plaintiffs in the present case because they reside in the District of Maine, as do all of the other non-expert witnesses in this case, including the physicians who have diagnosed and treated plaintiff's alleged conditions.

    Further, the fact that plaintiffs, who reside in the District of Maine, selected counsel based in the District of Columbia to represent them in a case that allegedly arose in and has substantial connections to the District of Maine, is not a relevant factor to be considered in determining whether to transfer this case under 28 U.S.C. § 1404(a). This Court has noted that the expense associated with plaintiffs' counsel's travel to the District of Maine "is of minor if any importance" in deciding Lilly's Motion. *See Froessl*, 1994 WL 149855, at *2 (" . . . the

inconvenience experienced by plaintiff's counsel in having to travel . . . or to retain local counsel . . . is of minor if any importance under § 1404(a).") (citations omitted).

9.  Plaintiffs imply that a statement made by Lilly in *McClamrock v. Eli Lilly & Co.,* Civil Action No. 02-2383 (D.D.C.) somehow admits that the current case belongs in the District of Columbia.  However, simply by distinguishing *Ingram v. Eli Lilly & Co.*, 2003 WL 256729 (D.D.C.), a case in which transfer was denied, from *McClamrock*, Lilly made no such admission.  Just like *McClamrock,* the case currently before the Court is similarly distinguishable from *Ingram.*  For example, in *Ingram* the non-expert witnesses were not located in one district, but all of the non-expert witnesses in the case at bar are located in the District of Maine.  Therefore, the District of Maine's subpoena power will be effective in ensuring that these witnesses will be available for deposition and trial.

## CONCLUSION

This case has substantial connections to the District of Maine and no connection to the District of Columbia.  The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Maine.  Accordingly, Lilly's Motion to Transfer this action to the United States District Court for the District of Maine should be granted.

Respectfully Submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, DC Bar No. 473634
John Chadwick Coots, DC Bar No. 461979
Emily J. Laird, DC Bar No. 485890
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

135917v1

## **CERTIFICATE OF SERVICE**

        I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 13th day of December, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine  
Aaron Levine & Associates  
1320 19th St., N.W., Suite 500  
Washington, D.C. 20036  
**Attorneys for Plaintiff**

   /s/ John Chadwick Coots  
**ATTORNEY FOR DEFENDANT**  
**ELI LILLY AND COMPANY**

11

135917v1